UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAUN MILLER,

            Plaintiff,

       -against-

NEW YORK CITY; DEPARTMENT OF
CORRECTIONS NYC; GEORGE R. VIERNO
CENTER,

           Defendants.

1:24-CV-8938 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Rashaun Miller, who is currently incarcerated in the Fishkill Correctional Facility as a convicted prisoner, brings this action *pro se*, asserting that the defendants violated his federal constitutional rights.[1] He seeks damages and sues: (1) the City of New York; (2) the New York City Department of Correction ("DOC"); and (3) the George R. Vierno Center ("GRVC"), a DOC jail located on Rikers Island. The Court understands Plaintiff's complaint as asserting claims for damages under 42 U.S.C. § 1983 and under state law.

By Order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff 60 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Plaintiff filed his complaint while he was held as a pretrial detainee in the George R. Vierno Center on Rikers Island.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

2

whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: The events that are the bases for Plaintiff's claims occurred on July 28, 2024, August 20, 2024, October 28, 2024, and October 30, 2024, while Plaintiff was held as a pretrial detainee in the GRVC.[3] Plaintiff learned, via an October 22, 2024 article written in the *New York Daily News*, that a former DOC employee had reported about "horrible abuse and conditions" in DOC facilities and that the DOC was retaliating against its own employees. Plaintiff also learned that the Kings County District Attorney had prosecuted innocent individuals, and had withheld exculpatory evidence from them. Another prisoner, Andre Antrobus, went "through hell [with] assaults by [DOC] employees and inmates hired!" (ECF 1, at 4.)

Plaintiff seems to state that DOC employees retaliated against him because he helped another prisoner named Karliner, and that he also witnessed retaliation against Antrobus. Plaintiff further alleges that "they sent [DOC] employees and inmates to gang assault [him] several times with weapons . . . [resulting in] cutting, stabbing and bruises," and that these individuals also "blocked [his] mail for freedom and liberty." (*Id.*) In addition, Plaintiff alleges that these individuals confiscated from him "evidence that could exonerate [him]" as well as other property of his; caused him to be locked into his GRVC cell in "deadlock" status as "punishment when [he] argue[d] for [his] mail, money and evidence"; "unnecessary[ily]

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

spray[ed] [him] with cancerous bear spray"; "put[] a bounty on [his] head of 5 pages of drugs so someone could do serious injury"; and denied him medical treatment. (*Id.* at 4-5.)

### DISCUSSION

### A.    Claims on behalf of others

The Court must dismiss all of Plaintiff's claims that he asserts on behalf of other individuals, including other prisoners, such as Karliner and Antrobus. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff has not alleged any facts suggesting that he is an attorney. The Court therefore dismisses without prejudice Plaintiff's claims that he brings on behalf of other individuals, including Karliner and Antrobus.

### B.    Claims under Section 1983 against the GRVC

The Court must also dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the GRVC. To state a claim under this statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). The GRVC, which is a jail, is not a person for the purpose of Section 1983. *See Griffith v. Harvey*, No. 1:24-CV-2714 (ALC), 2024 WL 2158594, at *1 (S.D.N.Y. May 14, 2024) ("Because GRVC is a building facility, it is not a person acting under color of law for

4

purposes of Section 1983."). The Court therefore dismisses Plaintiff's claims under Section 1983 against the GRVC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    The DOC and the City of New York

The Court must dismiss Plaintiff's claims against the DOC, and his claims under Section 1983 against the City of New York. In federal court, an entity's capacity to be sued is generally determined by the law of the State where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). Under New York law, agencies of the City of New York cannot be sued in the name of the relevant agency, unless the law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The DOC, which is an agency of the City of New York, does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-27 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court treats the claims concerning the DOC as brought against the City of New York, which Plaintiff has also named as a defendant.

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the

5

violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff alleges nothing to suggest that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. Thus, Plaintiff fails to state a claim under Section 1983 against the City of New York, and the Court dismisses such claims for that reason. *See* § 1915(e)(2)(B)(ii). Because Plaintiff is appearing *pro se*, however, the Court grants him leave to replead his claims under Section 1983 against the City of New York in an amended complaint in which he alleges facts sufficient to state a claim under Section 1983 against that defendant.

### D.    Personal involvement of individuals

The Court also grants Plaintiff leave to replead his claims under Section 1983 in an amended complaint in which he names, as defendants, those individuals who were directly and personally involved with the alleged violations of his federal constitutional rights. To state a claim under Section 1983, a plaintiff must allege facts showing an individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal

involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citation omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not name any individuals as defendants. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead his claims under Section 1983 in an amended complaint in which he names, as defendants, those individuals who were directly and personally involved in the alleged violations of his federal constitutional rights and in which he alleges facts showing the direct and personal involvement of each individual named as a defendant.

### E.    Denial of medical treatment

The Court further grants Plaintiff leave to replead his claims under Section 1983 that DOC officials denied him medical care, in violation of his federal constitutional rights. A prisoner asserting such a claim must allege facts showing that officials were deliberately indifferent to his serious medical needs.[4] *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Darnell v. Pineiro*, 849 F.3d 17, 32-35 (2d Cir. 2017). Deliberate indifference in the context of a

---

[4] Such a claim brought by a pretrial detainee arises under the Due Process Clause of the Fourteenth Amendment; such a claim brought by a convicted prisoner arises under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). Because Plaintiff alleges that the events that are the bases for these claims occurred while he was a pretrial detainee, it would appear that these claims arise under the Due Process Clause of the Fourteenth Amendment.

claim of denial of adequate medical care is evaluated under a two-pronged test comprised of both objective and "mental element" components. *See Darnell*, 849 F.3d at 30-33. The objective component of this standard requires that the alleged medical need be a sufficiently serious condition that "'could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Darnell*, 849 F.3d at 30 ("Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" (citations omitted)). The relevant inquiry is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702-03). A pretrial detainee must show that a:

> defendant-official acted intentionally to . . . [deny adequate medical treatment], or recklessly failed to act with reasonable care to mitigate the risk that the . . . [denial] posed to the pretrial detainee even though the defendant-official knew, or should have known, that . . . [such denial] posed an excessive risk to health or safety.

*Darnell*, 849 F.3d at 35. Allegations asserting malpractice or the negligent failure to provide care do not state a constitutional claim. *See Estelle*, 429 U.S. at 106; *Darnell*, 849 F.3d at 36.

Plaintiff does not allege facts showing that any DOC employee was deliberately indifferent to his serious medical needs. He seems to allege that he was injured due to being attacked by DOC employees and prisoners (at the direction of DOC employees) and that he was denied medical attention by DOC employees. The Court will assume, for the purpose of this Order, that such injuries were sufficiently serious to satisfy the abovementioned objective component. Plaintiff does not, however, show that any DOC employee knew or should have

known that denying him medical care for any of the injuries that he sustained as a result of being attacked posed an excessive risk to his health or safety. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to state such a claim against at least one individual GRVC staff member or other DOC staff member named as a defendant in the amended complaint.

**F.      Claims involving Plaintiff's mail and evidence**

The Court liberally construes Plaintiff's allegations as asserting that members of the GRVC staff or other DOC staff "blocked" or otherwise interfered with his mail, including his legal mail, and seized his "evidence"; such allegations assert both an access-to-the-courts claim and a general mail-tampering claim under Section 1983. These types of claims are grounded in a prisoner's First Amendment rights to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977), *abrogated on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351.

**1.      Access to the courts**

Prisoners have a "constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 430 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or

adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds,* 430 U.S. at 828 (internal quotation marks omitted)). Assistance from prison authorities, however, is "only [a] means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," and not a freestanding entitlement in and of itself. *Casey,* 518 U.S. at 351 (internal quotation marks and citation omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that: "the defendant took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim." *Davis,* 320 F.3d at 351 (alteration in original) (internal quotation marks and citation omitted); *see Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must show actual injury with regard to his legal claim, *Casey*, 518 U.S. at 348 (internal quotation marks and citation omitted), specifically: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions, *see Harbury*, 536 U.S. at 415. When a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff seems to allege that his criminal defense was hindered as a result of interference by members of the GRVC staff or other DOC staff. To the extent that Plaintiff was represented by counsel in his criminal proceedings, however, he does not allege facts showing why his counsel was unable to assert his legal claims on his behalf. In addition, he does not allege any facts suggesting that he was pursuing a "'nonfrivolous,' 'arguable' underlying claim," which had been hampered as a result of the abovementioned individuals "blocking" his mail or

10

seizing his "evidence." *See Harbury*, 536 U.S. at 415. Because Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he does not explain why his attorney could not press his argument for exoneration in his criminal matter, he fails to state a viable access-to-the-courts claim under the First Amendment, and the Court dismisses these claims for that reason. *See* § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his access-to-the-courts claims in an amended complaint in which he names as defendants the individual GRVC staff members or other DOC staff members whom he alleges violated his rights, and alleges additional facts to state a claim against those individuals under Section 1983 with respect to the denial of his right to access to the courts under the First Amendment. For such a claim, Plaintiff must allege facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he was not represented by counsel.

### 2. Mail tampering

To state a claim based on general mail tampering under the First Amendment, a prisoner must allege that the incidents of mail tampering: "(1) . . . suggest[] an ongoing practice of censorship unjustified by a substantial government interest, or (2) . . . [have] unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* As few as two incidents of mail tampering, however, may constitute a First Amendment violation if they are indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id.*; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that members of the GRVC staff or other DOC staff interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. He asserts that GRVC staff members or other DOC staff members

11

"blocked" his mail, but his allegations do not suggest that those actions demonstrated unjustified government censorship or tampering, or chilled his access to the courts or his legal representation. Without more detail, Plaintiff's allegations do not suggest that members of the GRVC staff or other DOC staff subjected him to regular and unjustifiable interference with his mail. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead these claims in an amended complaint naming as defendants the individual members of the GRVC staff or other DOC employees whom he alleges violated his rights, and alleging additional facts sufficient to state a claim under Section 1983 of mail tampering against such defendants. In support of such a claim, he must allege facts indicating that the individual defendants named in the amended complaint subjected him to regular and unjustifiable interference with his mail. Plaintiff must specify how many times his mail was "blocked" by GRVC personnel or other DOC personnel, the manner in which it was "blocked" (as to incoming and outgoing mail), and provide all the dates when this happened.

### G.    Claims of retaliation

In his complaint, Plaintiff suggests that members of the GRVC staff or other DOC staff retaliated against him for providing assistance to at least one other prisoner. Plaintiff's allegations could be read as an attempt to assert a First Amendment retaliation claim. To state such a claim, a prisoner must allege: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [prisoner], and (3) that there was a causal connection between the protected . . . [conduct] and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (second alteration in original) (internal quotation marks and citation omitted). An adverse action is any "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis*, 320 F.3d

at 353 (internal quotation marks and citation omitted). "In order to satisfy the causation requirement, allegations must be sufficient to support the inference that the speech [or conduct] played a substantial part in the adverse action." *Id.* at 354 (internal quotation marks and citation omitted). For example, "[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord,* 558 F.3d 119, 129 (2d Cir. 2009).

"[B]ecause virtually any adverse action taken against a prisoner by a prison official— even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act," the United States Court of Appeals for the Second Circuit has instructed that federal district courts must "approach prisoner retaliation claims with skepticism and particular care." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("Retaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." (internal quotation marks and citation omitted)). Accordingly, First Amendment retaliation claims must be "supported by specific and detailed factual allegations," and may not be stated "in wholly conclusory terms." *Dolan*, 794 F.3d at 295 (internal quotation marks and citation omitted).

Here, Plaintiff does not provide sufficient facts to suggest a viable claim of retaliation. It is unclear from Plaintiff's complaint that, in providing his alleged unspecified assistance to another prisoner (*see* ECF 1, at 4-5), Plaintiff engaged in any activity that was protected under the First Amendment. In addition, Plaintiff does not allege facts suggesting a causal connection between his assistance and the alleged adverse actions taken against him. He also does not allege which members of the GRVC staff or other DOC staff allegedly retaliated against him. Plaintiff

13

thus fails to state a viable claim under Section 1983 of First Amendment retaliation, and the Court dismisses these claims for that reason. *See* § 1915(e)(2)(B)(ii).

The Court also grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to state a claim of retaliation under Section 1983. Specifically, he must allege facts showing that he engaged in protected conduct under the First Amendment and that there was a causal connection between his protected activity and any adverse action. In his amended complaint, Plaintiff should also provide facts describing the nature of the alleged assistance that he provided to another prisoner, including the dates that he provided that assistance, how his assisting another prisoner led to the alleged violations of his rights, and, most importantly, who retaliated against him.

## H.    Claims of conspiracy

The Court understands Plaintiff's complaint as asserting claims of conspiracy under Section 1983 arising from an alleged conspiracy by members of the GRVC staff or other DOC staff with other prisoners to assault Plaintiff. The complaint, however, does not allege facts sufficient to state a claim of conspiracy under that statute. To state such a claim, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Vague and unsupported assertions of a conspiracy will not suffice to state a claim on which relief can be granted. *See, e.g., Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

14

Plaintiff's allegations about a conspiracy are conclusory, vague, and lack detail. Plaintiff seems to allege, without factual support, that GRVC staff members or other DOC staff members conspired with other prisoners to have Plaintiff assaulted. Such allegations, without more factual support, fail to state a claim of conspiracy under Section 1983. The Court therefore dismisses these claims for that reason. *See* § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to replead such claims in an amended complaint in which he alleges facts sufficient to state such a claim; he must name as defendants those individuals who allegedly conspired against him (GRVC officials or other DOC officials and prisoners) and allege specific facts showing how those defendants conspired with each other to violate his federal constitutional rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under 42 U.S.C. § 1983, the Court grants Plaintiff 60 days' leave to replead his claims in an amended complaint, as specified above.

In his amended complaint, Plaintiff must provide more facts about those claims for which the Court has granted him leave to replead. First, Plaintiff must name as defendants in the

15

caption[5] and in the statement of claim those individuals who were allegedly directly and personally involved in the deprivation of his federal rights. If Plaintiff does not know the name of an individual defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and filing a second amended complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the limitations period for such claims expires. Should Plaintiff seek to add a new claim or party after the relevant limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has a badge number or an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[5] The caption is located on the front page of the complaint. Each defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, an individual defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2025, in the GRVC clinic, during the 7 a.m. to 3 p.m. shift."

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff should not raise any claims again in his amended complaint that the Court has dismissed in this Order without granting leave to replead.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

### SDNY FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details, an intake form, and a retainer agreement are attached.[7]

### CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction and the George R. Vierno Center. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[7] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

The Court grants Plaintiff leave to replead his remaining claims in amended complaint, as specified above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 1:24-CV-8938 (LTS). An amended civil rights complaint form is attached to this Order. No summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action. The Court will dismiss Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. *See id.* The Court will also decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     December 22, 2025
           New York, New York

                                        /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge

18