UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAUN MILLER,

                              Plaintiff,

                -against-

NEW YORK CITY, C.O. PEREZ, G (JOHN
DOE), *and* C.O. WILLIAMS,

                              Defendants.

**ORDER OF SERVICE**

24-cv-8938

RAMOS, D.J.:

Plaintiff Rashaun Miller, who is currently incarcerated in the Fishkill Correctional
Facility, initiated this action while held in the George R. Vierno Center ("GRVC") on Rikers
Island, and he appears *pro se*.  By order dated December 22, 2025, the Court granted Plaintiff 30
days' leave to replead his claims in an amended complaint, as specified in that order.  Doc. 14.
On January 16, 2026, the Court received a one-page submission that is styled as an amended
complaint for this action; it is captioned as "Miller v. New York City et al" and is labeled as an
amended complaint for this action.  Doc. 15.  The submission does not name individual
defendants, although Plaintiff does refer to three individual correction officers in the body of that
submission.  *Id.*

By order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in
forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  In light of Plaintiff's *pro se* status,
the Court construes the submission received by the Court on January 16, 2026, as Plaintiff's
amended complaint filed in response to the Court's December 22, 2025 order.  *Id.*  It is,
therefore, the operative pleading for this action.  The Court understands Plaintiff's amended

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed
IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint as specifically asserting claims against the City of New York, and as asserting claims against GRVC Correction Officers Perez, "G (John Doe)," and Williams. The Court also understands that such claims are federal constitutional claims, brought under 42 U.S.C. § 1983, as well as claims under state law, in which Plaintiff seeks unspecified relief.

For the reasons discussed below, the Court adds, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), GRVC Correction Officers Perez, "G (John Doe)," and Williams as defendants in this action. The Court also requests that the City of New York and Correction Officers Perez and Williams waive service of summonses. The Court additionally directs the Corporation Counsel of the City of New York to provide to Plaintiff and to the Court the identity and badge number of Correction Officer "G (John Doe)."

## I.      DISCUSSION

### A.      Rule 21

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "Under this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 1:25-CV-0284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester County Department of Corrections*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020) (second alteration in original)). This includes adding unidentified individual "John Doe" defendants. *See, e.g.*, *Koulibaly v. City of New York*, 1:25-CV-7989 (KPF), 2025 WL 3268881, at *2-3 (S.D.N.Y. Nov. 20, 2025). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) (Kaufman, D.J.)

("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

The Court understands that, by mentioning GRVC Correction Officers Perez, "G (John Doe)," and Williams in his amended complaint, Plaintiff intended to name them as defendants. Accordingly, and in light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to add GRVC Correction Officers Perez, "G (John Doe)," and Williams as defendants in this action, under Rule 21. The addition of these defendants is without prejudice to any defenses that these defendants may assert in this action.

**B.       The City of New York and Correction Officers Perez and Williams**

The Court respectfully directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, Correction Officer Perez, and Correction Officer Williams waive service of summonses. Correction Officers Perez and Williams are alleged to have been assigned proximate to Plaintiff's cell in GRVC housing unit 19A while Plaintiff was held there between July 28, 2024, and October 30, 2024.

**C.       Unidentified Correction Officer "G (John Doe)"**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction to identify Correction Officer "G (John Doe)"; he or she is a GRVC Correction Officer who, along with Correction Officers Perez and Williams, was assigned proximate to Plaintiff's cell in GRVC housing unit 19A while Plaintiff was held there between July 28, 2024,

3

and October 30, 2024.  It is therefore ordered that the Corporation Counsel for the City of New York, who is the attorney for and agent of the New York City Department of Correction, must ascertain the identity and badge number of this defendant.[2]  The Corporation Counsel must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified individual as a defendant and providing his/her badge number.  The second amended complaint will replace, not supplement, the original and amended complaints.  A second amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order requesting that the newly identified defendant waive service of summons.

## II.    CONCLUSION

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff.

The Court also respectfully directs the Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure, Correction Officers Perez, "G (John Doe)," and Williams as defendants in this action.

The Court further respectfully directs the Clerk of Court to electronically notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that the City of New York, Correction Officer Perez, and Correction Officer

---

[2] If this defendant is a current or former New York City Department of Correction ("DOC") employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for actions involving DOC defendants, rather than by personal service at a DOC facility. If this defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel must provide an address where this defendant may be served.

Williams waive service of summonses.  Correction Officers Perez and Williams are alleged to have been assigned proximate to Plaintiff's cell in GRVC housing unit 19A while Plaintiff was held there between July 28, 2024, and October 30, 2024.

The Court additionally directs the Corporation Counsel of the City of New York to comply with the instructions listed above with regard to providing the identity and badge number of Correction Officer "G (John Doe)," pursuant to *Valentin*.

A second amended complaint form is attached to this order.

SO ORDERED.

Dated:  March 17, 2026
        New York, New York

_____
EDGARDO RAMOS
United States District Judge

5