UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHAUN MILLER,

Plaintiff,

*-against-*

NEW YORK CITY, ADDJADEE GARNETT, JASON PEREZ, *and* SHAYLA WILLIAMS, *in their individual and official capacities,*

Defendants.

**ORDER**

No. 24 Civ. 8938 (ER)

Ramos, D.J.:

Rashaun Miller is currently incarcerated in the Fishkill Correctional Facility and is proceeding *pro se* and *in forma pauperis* ("IFP"). On November 15, 2024, Miller commenced this action alleging violations of his civil rights. Doc. 1. The operative complaint, the Fourth Amended Complaint ("FAC"), was filed on September 11, 2026 naming four defendants: the City of New York and three Corrections Officers, Addjadee Garnett, Jason Perez, and Shayla Williams, (collectively, "Correction Officers") in their individual and official capacities. Doc. 49. Before the Court is a motion for partial dismissal by the City, Correction Officer Garnett, and Correction Officer Perez,[1] Doc. 51, Miller's notice of partial dismissal, Doc. 55, and Miller's application for *pro bono* counsel, Docs. 56–57.[2] For the following reasons, the Court partially dismisses the action as requested by Miller and denies his request for *pro bono* counsel.

[1] The motion to dismiss seeks dismissal of Correction Officers Garnett and Perez for the claims against them in their official capacities only. Doc. 51. Correction Officer Williams has not appeared in this matter. The Waiver of Service as to Correction Officer Williams was returned unexecuted by the Department of Correction's Deputy General Counsel on August 18, 2026. Doc. 45. The Waiver stated that Correction Officer Williams is on sick leave with no return date and will be served upon return. *Id.*

[2] Miller's application was filed twice: once on October 28, 2026, Doc. 57 (entered on November 4, 2026), and once on October 30, 2026, Doc. 57 (entered on October 30, 2026). The uploaded documents in each filing are identical

On September 21, the City of New York, Correction Officer Garnett, and Correction Officer Perez filed a motion to dismiss the FAC. Doc. 51. On October 27, 2026, Miller filed a letter response to the motion stating that he does not contest the motion. Doc. 55. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Miller requested that the Court dismiss his claims against the City and against the Correction Officers in their official capacities (including Correction Officer Williams), while maintaining the action against the Correction Officers in their individual capacities. *Id.* The action against the City of New York is hereby dismissed, as are the claims against the Corrections Officers in their official capacities. Miller's claims as to the Correction Officers will proceed against those defendants in their individual capacities only.

Miller further asks that the Court request *pro bono* counsel to represent him in this action. Docs. 56–57. Pursuant to the *in forma pauperis* statute, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the statute does not empower courts to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989). Instead, pursuant to § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Company*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d

and treated as a singular application.

58, 60–61 (2d Cir. 1986). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62). Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392. At this stage in the proceedings, the Court is unable to conclude that Miller's claims are likely to have merit, although naturally that may change as the litigation progresses. Accordingly, Miller's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case.

The Clerk of Court is respectfully directed to dismiss the action against the City of New York,[3] terminate the motion to dismiss, Doc. 51, and terminate the application for *pro bono* counsel, Docs. 56–57.

SO ORDERED.

Dated: November 5, 2026
New York, New York

EDGARDO RAMOS
United States District Judge

[3] While Miller's claims against the individual defendants in their official capacities are dismissed, the Clerk of Court is not directed to terminate those parties at this time as the claims against them in their individual capacities will proceed.